AEE

FILED
DECEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

07 C 7260

**LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,**

**Plaintiffs,**

**v.**

**BILL HARRIS MASONRY, INC.,**

**Defendant.**

**Case No.**

JUDGE ZAGEL
MAGISTRATE JUDGE COLE

**COMPLAINT**

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), and plaintiff James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their undersigned attorneys, and for their Complaint against Defendant Bill Harris Masonry, Inc., as follows:

**COUNT I**

**(Failure To Pay Employee Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds have offices, conduct business and administer the plans within this District. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer

contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4. Defendant Bill Harris Masonry, Inc. (hereinafter "The Company"), is an Illinois corporation in good standing. The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

5. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

6. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), [the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), and the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), to act as an agent in the collection of contributions due to those funds.

7. The Agreement obligates the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies

the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

        8.     The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

        9.     Notwithstanding the obligations imposed by the Agreement, the Company has:

        (a)     failed to report and pay contributions owed to plaintiff Laborers' Pension Fund for the periods January 1, 2000 through February 29, 2004, and from March 1, 2004 through October 31, 2007, as reflected in reports by the Funds' auditors (Exhibits B and C) thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

        (b)     failed to report and pay contributions owed to plaintiff for the periods January 1, 2000 through February 29, 2004, and from March 1, 2004 through October 31, 2007, as reflected in the reports by the Funds' auditors (Exhibits B and C), thereby depriving the Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries; and

        (c)     failed to report and pay contributions owed to plaintiff for the periods January 1, 2000 through February 29, 2004, and from March 1, 2004 through October 31, 2007, as reflected in reports by the Funds' auditors (Exhibits B and C), thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

        (d)     failed to maintain a surety bond to guarantee the payment of wages, Pension and Welfare contributions.

        10.     Despite demand duly made, the Company has not paid the required contributions or other sums due.

        11.     All conditions precedent to requiring contributions and reports to the Funds have been met.

        12.     The Company's actions in failing to make timely reports and contributions violate

Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant Bill Harris Masonry, Inc., for the amounts of contributions owed to date together with all accrued delinquencies after suit, interest, liquidated damages, attorneys' fees and costs, directing the Company to obtain and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions as required by the Agreement, and an order directing Defendant to timely submit reports and upon demand by Plaintiffs submit to an audit, and any other legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure To Pay Union Dues)**

14 Plaintiff realleges paragraphs 1 through 8 of Count I.

15. Pursuant to the Agreement, the Funds have been duly designated to serve as collection agents for the Union and that the Funds have been given the authority to collect from employers union dues which should have been and/or have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or to report to and forward the union dues that were deducted or should have been deducted from the wages of employees for the periods January 1, 2000 through February 29, 2004, and from March 1, 2004 through October 31, 2007, thereby depriving the Union of income.

17. Pursuant to the Agreement, the Company is liable to the Fund for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

18. The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against

Defendant, Bill Harris Masonry, Inc., for the amount of the union dues owed to date together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

By: ______________________
Attorneys for Plaintiff

Wesley G. Kennedy
Karen I. Engelhardt
Angie Cowan
Josiah Groff
ALLISON, SLUTSKY & KENNEDY, P.C.
230 W. Monroe Street
Chicago, Illinois 60606
(312) 364-9400

December 26, 2007

HEADQUARTERS OF

# Construction & General Laborers' District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1006, 1035, 1092

Joseph A. Lombardo, Jr.
Secretary-Treasurer

## MEMORANDUM OF JOINT WORKING AGREEMENT

Ernest Kumerow
President
Business Manager

It is hereby stipulated and agreed by and between: Bill Harris Masonry, Inc. hereincalled the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos: 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1006, 1035, 1092, and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that [illegible] majority of such Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. [illegible] is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1975, together with all amendment thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local Union is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENREAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (he) (it) had signed the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement [illegible] traditionally performed by laborers. [illegible] any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

June 1, 1991 to May 31, 1992

$[illegible] Per hour Wages
$[illegible] Per hour Health and Welfare Fund
$[illegible] Per hour Pension Fund
$ .10 Per hour Training Fund
$ .02 Per hour M.C.I.A.F. (Or such amount as provided in local agreement.)
$ .01 Per hour Chicagoland Safety Council (If applicable in local agreement.)
Dues Deductions are $ .20 Per hour for each hour worked unless notified of an increase.

June 1, 1992 to May 31, 1993

$1.05 Per hour increase per year on June 1, 1992 thru May 31, 1993 to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.
M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.
Dues Deductions are $ .20 Per Hour unless notified of an increase.

June 1, 1993 to May 31, 1994

$1.05 Per hour increase per year on June 1, 1993 thru May 31, 1994, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.
M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.
Dues Deductions are $ .20 Per hour unless notified of an increase.

June 1, 1994 to May 31, 1995

$1.10 Per hour increase per year on June 1, 1994 thru May 31, 1995, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.
M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.
Dues Deductions are $ .20 Per hour unless notified of an increase.

All additional wage rate dues checkoff, or fringe benefit increases as negotiated after May 31, 1995 shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1991 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents ($.20¢) for each straight-time hour worked and Twenty Cents ($.20) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c) (4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1995 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at Evergreen Park this 4 day of Aug, 19 92

ACCEPTED:

Laborers' Local Union No. 5

By Thomas Pinchard

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By Ernest Kumerow
Ernest Kumerow, President Business Manager

By Joseph A. Lombardo, Jr.
Joseph A. Lombardo, Jr., Secretary-Treasurer

Bill Harris Masonry Inc.
(Employer)

By Charles W. Harris President
(Name & Title)

9304 So 49th Ave Oak Lawn 60453
(Address)

708-424-4985
(Telephone)

TRUST FUND

Exhibit A

**BILL HARRIS MASONRY**
(Employer No. 12024)

**AGREED-UPON PROCEDURES**

January 1, 2000 to February 29, 2004

**Exhibit B**



Crowe Chizek and Company LLC
Member Horwath International

# INDEPENDENT ACCOUNTANTS' REPORT ON APPLYING AGREED-UPON PROCEDURES

Board of Trustees
Laborer's Pension and Welfare Funds
Westchester, Illinois

We have performed the procedures described in the schedule of procedures included in the engagement letter dated February 11, 2002 with the Laborer's Pension and Welfare Funds ("the Funds") to Bill Harris Masonry ("the Employer") for the period January 1, 2000 to February 29, 2004. These procedures, which were agreed to by the Funds, were performed solely to assist the Funds in determining the accuracy of the Employer's contributions to the Funds. The accuracy of the contributions is the responsibility of the Employer's management. This engagement to apply agreed-upon procedures was performed in accordance with attestation standards established by the American Institute of Certified Public Accountants. The sufficiency of the procedures is solely the responsibility of the parties specified in this report. Consequently, we make no representation regarding the sufficiency of the procedures either for the purpose for which this report has been requested or for any other purpose.

Exceptions resulting from the above procedures are described in the accompanying schedules.

We were not engaged to, and did not perform an examination, the objective of which would be the expression of an opinion on the specified elements, accounts, or items. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the information and use of the Board of Trustees and management of the Funds and is not intended to be and should not be used by anyone other than these specified parties.

Crowe Chizek and Company LLC
Crowe Chizek and Company LLC

Oak Brook, Illinois
March 9, 2004

## Laborers' District Council

**Reconciliation of Difference Per Year**

| Fiscal Year Ending | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | Total Due |
|---|---|---|---|---|---|---|---|
| Hours | - | - | 29.00 | 191.00 | - | - | 220.00 |
| Hours - Ancillary | - | - | - | 304.00 | - | - | 304.00 |
| Dollar Amount Due | | | | | | | |
| Welfare | $ - | $ - | $ 97.73 | $ 658.97 | $ - | $ - | $ 756.70 |
| Pension | $ - | $ - | $ 70.76 | $ 686.73 | $ - | $ - | $ 757.49 |
| Training | $ - | $ - | $ 4.64 | $ 32.49 | $ - | $ - | $ 37.13 |
| IAF/Safety | $ - | $ - | $ 0.87 | $ 13.39 | $ - | $ - | $ 14.26 |
| LECET | $ - | $ - | $ 1.45 | $ 9.57 | $ - | $ - | $ 11.02 |
| CISCO | $ - | $ - | $ - | $ 1.93 | $ - | $ - | $ 1.93 |
| LDCMC Fund | $ - | $ - | $ - | $ 22.92 | $ - | $ - | $ 22.92 |
| Working Dues | $ - | $ - | $ 11.05 | $ 99.95 | $ - | $ - | $ 111.00 |
| Total | $ - | $ - | $ 186.50 | $ 1,525.95 | $ - | $ - | $ 1,712.45 |

| | | |
|---|---|---|
| **Plus previous late charges assessed but not paid** | $ | 995.47 |
| **Audit Fee** | $ | 2,750.00 |
| **Total amount due** | $ | 5,457.92 |

| | | | |
|---|---|---|---|
| **Employer Name -** | Bill Harris Masonry | **Person Contacted -** | Jim Relstab |
| **Employer -** | 12024 | **Date of Contact -** | 3/9/2004 |
| **Date of Audit -** | 3/9/2004 | **Telephone -** | (708) 599-5650 |
| **Audit Period -** | 1/1/2000 - 2/29/2004 | **Auditor -** | Brandon Jeffers |

# Laborers' District Council

**Reconciliation Between Actual and Reported Hours**

| SS# | Name | 2000 Jun | 2000 Jul | 2000 Aug | 2000 Sep | 2000 Oct | 2000 Nov | 2000 Dec | 2001 Jan | 2001 Feb | 2001 Mar | 2001 Apr | 2001 May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | JOSE ESCOTO MANUEL | - | - | - | - | - | - | - | - | - | - | 29.00 | - | 29.00 |
| | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | - | - | - | - | - | - | - | - | - | - | 29.00 | - | 29.00 |

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $ 3.37 | - | - | - | - | - | - | - | - | - | - | 97.73 | - | 97.73 |
| Pension | $ 2.44 | - | - | - | - | - | - | - | - | - | - | 70.76 | - | 70.76 |
| Training | $ 0.16 | - | - | - | - | - | - | - | - | - | - | 4.64 | - | 4.64 |
| Marba IAF | $ 0.03 | - | - | - | - | - | - | - | - | - | - | 0.87 | - | 0.87 |
| LECET | $ 0.05 | - | - | - | - | - | - | - | - | - | - | 1.45 | - | 1.45 |
| CISCO | $ - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| LDCMC Fund | $ - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Working Dues | 1.5% | - | - | - | - | - | - | - | - | - | - | 11.05 | - | 11.05 |
| **Total** | | - | - | - | - | - | - | - | - | - | - | 186.50 | - | 186.50 |

| | | | |
|---|---|---|---|
| **Employer Name -** | Bill Harris Masonry | **Person Contacted -** | Jim Relstab |
| **Employer -** | 12024 | **Date of Contact -** | 3/9/2004 |
| **Date of Audit -** | 3/9/2004 | **Telephone -** | (708) 599-5650 |
| **Audit Period -** | 1/1/2000 - 2/29/2004 | **Auditor -** | Brandon Jeffers |

# Laborers' District Council

**Reconciliation Between Actual and Gross Wages**

| SS# | Name | 2000 Jun | 2000 Jul | 2000 Aug | 2000 Sep | 2000 Oct | 2000 Nov | 2000 Dec | 2001 Jan | 2001 Feb | 2001 Mar | 2001 Apr | 2001 May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | JOSE ESCOTO MANUEL | - | - | - | - | - | - | - | - | - | - | 736.89 | - | 736.89 |
| | | - | - | - | - | - | - | | - | - | - | - | - | - |
| | | - | - | - | - | - | - | - | - | - | - | 736.89 | - | 736.89 |
| | Rate - 1.5% of gross wages | | | | | | | | | | | | | |
| | **Working Dues** | - | - | - | - | - | - | - | - | - | - | 11.05 | - | 11.05 |

| | | | |
|---|---|---|---|
| **Employer Name -** | Bill Harris Masonry | **Person Contacted -** | Jim Relstab |
| **Employer -** | 12024 | **Date of Contact -** | 3/9/2004 |
| **Date of Audit -** | 3/9/2004 | **Telephone -** | (708) 599-5650 |
| **Audit Period -** | 1/1/2000 - 2/29/2004 | **Auditor -** | Brandon Jeffers |

# Laborers' District Council

## Reconcillation Between Actual and Reported Hours

| SS# | Name | 2001 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2002 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | JOSE ESCOTO MANUEL | - | - | - | 35.50 | 1.50 | 42.50 | - | - | - | - | - | - | 79.50 |
| 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 | RICHARD FEIGL | - | - | - | 42.00 | - | 44.00 | - | - | - | - | - | 25.50 | 111.50 |
| | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | - | - | - | 77.50 | 1.50 | 86.50 | - | - | - | - | - | 25.50 | 191.00 |

| Fund | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $ 3.45 | - | - | - | 267.38 | 5.18 | 298.43 | - | - | - | - | - | 87.98 | 658.97 |
| Pension | $ 2.65 | - | - | - | 205.38 | 3.98 | 229.23 | - | - | - | - | - | 67.58 | 506.17 |
| Training | $ 0.17 | - | - | - | 13.18 | 0.26 | 14.71 | - | - | - | - | - | 4.34 | 32.49 |
| Marba IAF | $ 0.07 | - | - | - | 5.43 | 0.11 | 6.06 | - | - | - | - | - | 1.79 | 13.39 |
| LECET | $ 0.05 | - | - | - | 3.88 | 0.08 | 4.33 | - | - | - | - | - | 1.28 | 9.57 |
| CISCO | $ 0.01 | - | - | - | 0.78 | 0.02 | 0.87 | - | - | - | - | - | 0.26 | 1.93 |
| LDCMC Fund | $ 0.12 | - | - | - | 9.30 | 0.18 | 10.38 | - | - | - | - | - | 3.06 | 22.92 |
| Working Dues | 1.5% | - | - | - | 51.90 | 0.60 | 36.87 | - | - | - | - | - | 10.58 | 99.95 |
| **Total** | | - | - | - | 557.23 | 10.41 | 600.88 | - | - | - | - | - | 176.87 | 1,345.39 |

| | | | |
|---|---|---|---|
| **Employer Name -** | Bill Harris Masonry | **Person Contacted -** | Jim Relstab |
| **Employer -** | 12024 | **Date of Contact -** | 3/9/2004 |
| **Date of Audit -** | 3/9/2004 | **Telephone -** | (708) 599-5650 |
| **Audit Period -** | 1/1/2000 - 2/29/2004 | **Auditor -** | Brandon Jeffers |

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - Ancillary

| SS# | Name | | 2001 Jun | 2001 Jul | 2001 Aug | 2001 Sep | 2001 Oct | 2001 Nov | 2001 Dec | 2002 Jan | 2002 Feb | 2002 Mar | 2002 Apr | 2002 May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | JOSE ESCOTO MANUEL | | - | - | - | 152.00 | - | - | - | - | - | - | - | - | 152.00 |
| 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 | RICHARD FEIGL | | - | - | - | 152.00 | - | - | - | - | - | - | - | - | 152.00 |
| | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | | - | - | - | 304.00 | - | - | - | - | - | - | - | - | 304.00 |
| Welfare | $ | 3.45 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Pension | $ | 2.65 | - | - | - | 180.56 | - | - | - | - | - | - | - | - | 180.56 |
| Training | $ | 0.17 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Marba IAF | $ | 0.07 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| LECET | $ | 0.05 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| CISCO | $ | 0.01 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| LDCMC Fund | $ | 0.12 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Working Dues | | 1.5% | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total** | | | - | - | - | 180.56 | - | - | - | - | - | - | - | - | 180.56 |

Note: The pension fund was underpaid by $180.56 in September 2001. We were unable to determine which indivduals(s) the underpayment affected and therefore presented the hours for all laborers in September 2001.

| | | | |
|---|---|---|---|
| **Employer Name -** | Bill Harris Masonry | **Person Contacted -** | Jim Relstab |
| **Employer -** | 12024 | **Date of Contact -** | 3/9/2004 |
| **Date of Audit -** | 3/9/2004 | **Telephone -** | (708) 599-5650 |
| **Audit Period -** | 1/1/2000 - 2/29/2004 | **Auditor -** | Brandon Jeffers |

# Laborers' District Council

## Reconciliation Between Actual and Gross Wages

| SS# | Name | 2001 Jun | 2001 Jul | 2001 Aug | 2001 Sep | 2001 Oct | 2001 Nov | 2001 Dec | 2002 Jan | 2002 Feb | 2002 Mar | 2002 Apr | 2002 May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | JOSE ESCOTO MANUEL | - | - | - | 1,565.69 | 39.98 | 1,185.93 | - | - | - | - | - | - | 2,791.59 |
| 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 | RICHARD FEIGL | - | - | - | 1,894.03 | - | 1,271.90 | - | - | - | - | - | 705.08 | 3,871.00 |
| | | - | - | - | - | - | - | | - | - | - | - | - | - |
| | | - | - | - | 3,459.71 | 39.98 | 2,457.83 | - | - | - | - | - | 705.08 | 6,662.59 |
| | Rate - 1.5% of gross wages | | | | | | | | | | | | | |
| | **Working Dues** | - | - | - | 51.90 | 0.60 | 36.87 | - | - | - | - | - | 10.58 | 99.95 |

| | | | |
|---|---|---|---|
| **Employer Name -** | Bill Harris Masonry | **Person Contacted -** | Jim Relstab |
| **Employer -** | 12024 | **Date of Contact -** | 03/09/04 |
| **Date of Audit -** | 3/9/2004 | **Telephone -** | (708) 599-5650 |
| **Audit Period -** | 1/1/2000 - 2/29/2004 | **Auditor -** | Brandon Jeffers |

RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 591
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910

December 12, 2007

Board of Trustees of the Various
Fringe Benefit Funds of the
Laborers Pension & Welfare Funds

RE: Bill Harris Masonry Inc. (12024)

We have performed a fringe benefit contribution compliance audit of Bill Harris Masonry Inc., for the period from March 1, 2004 through October 31, 2007. The audit encompassed the comparison of individual earnings records to certain payroll tax and fund reports and a review of the general disbursement records.

The comparison and review indicate that the employer has not complied with its fringe benefit contribution requirements and owes the following amounts:

| FUND | AMOUNT |
|---|---|
| WELFARE | $20,770.83 |
| PENSION | 12,520.10 |
| TRAINING | 533.27 |
| LECET | 134.24 |
| CISCO | 16.53 |
| MCIAF | 115.62 |
| LMCC | 322.08 |
| CAICA | 82.60 |
| DUES | 1,589.99 |
| Sub Total | $38,085.26 |
| Plus previous late charges assessed by Laborers' Pension & Welfare Funds | $ 125.28 |
| TOTAL | $38,210.54 |

In addition, the employer could not provide proof of a current wage and fringe benefit bond.

RICHARD J. WOLF AND COMPANY, INC.

Exhibit C

12/11/2007

LABORERS' DISTRICT COUNCIL OF CHICAGO - MCA ASSOCIATION

BILL HARRIS MASONRY, INC. - #12024

*YEAR: 6/04 to 5/05*

*ADDITIONAL HOURS and/or WORK DUES 6/04 - 5/05*

| S. S. # | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCOTO, JOSE 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 | # | Hours | - | - | - | - | - | - | - | - | - | 200.00 | 85.00 | 160.00 | 445.00 |
| | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | Gross $ | - | - | - | - | - | - | - | - | - | 5,800.00 | 2,465.00 | 4,640.00 | $ 12,905.00 |
| FEIGL, RICHARD 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 | # | Hours | - | - | - | - | - | - | 8.00 | - | - | 200.00 | 114.50 | 160.00 | 482.50 |
| | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | Gross $ | - | - | - | - | - | - | 240.00 | - | - | 6,000.00 | 3,435.00 | 4,800.00 | $ 14,475.00 |
| TOTAL HOURS | | | - | - | - | - | - | - | 8.00 | - | - | 400.00 | 199.50 | 320.00 | 927.50 |
| TOTAL GROSS $ | | | $ - | $ - | $ - | $ - | $ - | $ - | $ 240.00 | $ - | $ - | $ 11,800.00 | $5,900.00 | $9,440.00 | $ 27,380.00 |

| Amount Due To Funds: | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ - | $ - | $ - | $ - | $ 50.48 | $ - | $ - | $ 2,524.00 | $1,258.85 | $2,019.20 | $ 5,852.53 |
| PENSION | $ - | $ - | $ - | $ - | $ - | $ - | $ 27.52 | $ - | $ - | $ 1,376.00 | $ 686.28 | $1,100.80 | $ 3,190.60 |
| TRAINING | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.36 | $ - | $ - | $ 68.00 | $ 33.92 | $ 54.40 | $ 157.68 |
| LECET | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.40 | $ - | $ - | $ 20.00 | $ 9.98 | $ 16 00 | $ 46.38 |
| CISCO | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.08 | $ - | $ - | $ 4.00 | $ 2.00 | $ 3.20 | $ 9.28 |
| MCIAF | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.56 | $ - | $ - | $ 28.00 | $ 13.97 | $ 22.40 | $ 64.93 |
| LMCC | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.98 | $ - | $ - | $ 48.00 | $ 23.94 | $ 38.40 | $ 111.30 |
| DUES | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.20 | $ - | $ - | $ 206.50 | $ 103.25 | $ 165.20 | $ 479.15 |
| TOTAL | $ - | $ - | $ - | $ - | $ - | $ - | $ 85.56 | $ - | $ - | $ 4,274.50 | $2,132.19 | $3,419.60 | $ 9,911.85 |

| Rates: | 6/1/04 | to | 5/31/05 |
|---|---|---|---|
| WELFARE | 6.31 | CISCO | 0.01 |
| PENSION | 3.44 | MCIAF | 0.07 |
| TRAINING | 0.17 | LMCC | 0.12 |
| LECET | 0.05 | DUES | 1.75% |

LABORERS' DISTRICT COUNCIL OF CHICAGO - MCA ASSOCIATION

BILL HARRIS MASONRY, INC. - #12024

*YEAR: 6/04 to 5/05*

*ADDITIONAL WELFARE, PENSION & TRAINING HOURS 6/04 - 5/05*

| S. S. # | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCOTO, JOSE 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 | # | Hours | - | - | - | - | - | - | - | - | 160.00 | - | - | - | 160.00 |
| | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| FEIGL, RICHARD 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 | # | Hours | - | - | - | - | - | - | - | - | 160.00 | - | - | - | 160.00 |
| | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| TOTAL HOURS | | | - | - | - | - | - | - | - | - | 320.00 | - | - | - | 320.00 |
| TOTAL GROSS $ | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Amount Due To Funds: | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $2,019.20 | $ - | $ - | $ - | $ 2,019.20 |
| PENSION | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $1,100.80 | $ - | $ - | $ - | $ 1,100.80 |
| TRAINING | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 54.40 | $ - | $ - | $ - | $ 54.40 |
| LECET | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CISCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| MCIAF | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LMCC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DUES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| TOTAL | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $3,174.40 | $ - | $ - | $ - | $ 3,174.40 |

| Rates: | 6/1/04 | to | 5/31/05 |
|---|---|---|---|
| WELFARE | 6.31 | CISCO | |
| PENSION | 3.44 | MCIAF | |
| TRAINING | 0.17 | LMCC | |
| LECET | | DUES | |

LABORERS' DISTRICT COUNCIL OF CHICAGO - MCA ASSOCIATION

BILL HARRIS MASONRY, INC. - #12024

*YEAR: 6/05 to 5/06*

*ADDITIONAL HOURS and/or WORK DUES 6/05 - 5/06*

| S. S. # | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCOTO, JOSE 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 | # | Hours | 120.00 | 25.50 | - | 98.00 | 107.50 | - | - | - | - | 100.00 | 112.00 | - | 563.00 |
| | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | Gross $ | 3,480.00 | 739.50 | - | 2,954.71 | 3,241.13 | - | - | - | - | 3,015.00 | 3,376.80 | - | $ 16,807.14 |
| FEIGL, RICHARD 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 | # | Hours | 135.50 | 25.50 | - | - | - | - | - | - | - | - | - | - | 161.00 |
| | | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | Gross $ | 4,065.00 | 765.00 | - | - | - | - | - | - | - | - | - | - | $ 4,830.00 |

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | 255.50 | 51.00 | - | 98.00 | 107.50 | - | - | - | - | 100.00 | 112.00 | - | 724.00 |
| TOTAL GROSS $ | $ 7,545.00 | $ 1,504.50 | $ - | $ 2,954.71 | $ 3,241.13 | $ - | $ - | $ - | $ - | $ 3,015.00 | $ 3,376.80 | $ - | $ 21,637.14 |

| Amount Due To Funds: | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ 1,752.73 | $ 349.86 | $ - | $ 672.28 | $ 737.45 | $ - | $ - | $ - | $ - | $ 686.00 | $ 768.32 | $ - | $ 4,966.64 |
| PENSION | $ 1,006.67 | $ 200.94 | $ - | $ 386.12 | $ 423.55 | $ - | $ - | $ - | $ - | $ 394.00 | $ 441.28 | $ - | $ 2,852.56 |
| TRAINING | $ 43.44 | $ 8.67 | $ - | $ 16.66 | $ 18.28 | $ - | $ - | $ - | $ - | $ 17.00 | $ 19.04 | $ - | $ 123.09 |
| LECET | $ 12.78 | $ 2.55 | $ - | $ 4.90 | $ 5.38 | $ - | $ - | $ - | $ - | $ 5.00 | $ 5.60 | $ - | $ 36.21 |
| CISCO | $ 2.56 | $ 0.51 | $ - | $ 0.98 | $ 1.08 | $ - | $ - | $ - | $ - | $ 1.00 | $ 1.12 | $ - | $ 7.25 |
| MCIAF | $ 17.89 | $ 3.57 | $ - | $ 6.86 | $ 7.53 | $ - | $ - | $ - | $ - | $ 7.00 | $ 7.84 | $ - | $ 50.69 |
| LMCC | $ 30.66 | $ 6.12 | $ - | $ 11.76 | $ 12.90 | $ - | $ - | $ - | $ - | $ 12.00 | $ 13.44 | $ - | $ 86.88 |
| DUES | $ 132.04 | $ 26.33 | $ - | $ 51.71 | $ 56.72 | $ - | $ - | $ - | $ - | $ 52.76 | $ 59.09 | $ - | $ 378.65 |
| TOTAL | $ 2,998.77 | $ 598.55 | $ - | $ 1,151.27 | $ 1,262.89 | $ - | $ - | $ - | $ - | $ 1,174.76 | $ 1,315.73 | $ - | $ 8,501.97 |

| Rates: | 6/1/05 | to | 5/31/06 |
|---|---|---|---|
| WELFARE | 6.86 | CISCO | 0.01 |
| PENSION | 3.94 | MCIAF | 0.07 |
| TRAINING | 0.17 | LMCC | 0.12 |
| LECET | 0.05 | DUES | 1.75% |

LABORERS' DISTRICT COUNCIL OF CHICAGO - MCA ASSOCIATION

BILL HARRIS MASONRY, INC. - #12024

RICHARD J. WOLF AND COMPANY, INC.

SUMMARY REPORT TOTAL

| | ADDITIONAL | UNREPORTED | TOTAL |
|---|---|---|---|
| WELFARE | $ 12,838.37 | $ - | $ 12,838.37 |
| PENSION | $ 7,143.96 | $ - | $ 7,143.96 |
| TRAINING | $ 335.17 | $ - | $ 335.17 |
| LECET | $ 82.59 | $ - | $ 82.59 |
| CISCO | $ 16.53 | $ - | $ 16.53 |
| MCIAF | $ 115.62 | $ - | $ 115.62 |
| LMCC | $ 198.18 | $ - | $ 198.18 |
| DUES | $ 857.80 | $ - | $ 857.80 |
| TOTAL | $ 21,588.22 | $ - | $ 21,588.22 |

## LABORERS' DISTRICT COUNCIL OF CHICAGO - MCA ASSOCIATION

BILL HARRIS MASONRY, INC. - #12024

RICHARD J. WOLF AND COMPANY, INC.

** GRAND TOTAL **

| | | |
|---|---|---|
| **WELFARE** | $ | 12,838.37 |
| **PENSION** | $ | 7,143.96 |
| **TRAINING** | $ | 335.17 |
| **LECET** | $ | 82.59 |
| **CISCO** | $ | 16.53 |
| **MCIAF** | $ | 115.62 |
| **LMCC** | $ | 198.18 |
| **DUES** | $ | 857.80 |
| **TOTAL** | $ | 21,588.22 |