**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN,<br>          Plaintiffs,<br><br>    v.<br><br>BILL HARRIS MASONRY, INC.<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 07 C 7260<br>)<br>)  Judge Zagel<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR DEFAULT AND DAMAGES**

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Laborers' Funds"), request that the Court find Bill Harris Masonry, Inc. ("Defendant") in default and enter an amount of damages against Bill Harris Masonry, Inc., in the total amount of $55,128.56. In support of this motion, plaintiffs state:

1. On December 27, 2007, plaintiffs filed a lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Laborers' Funds for the periods of January 1, 2000 through February 29, 2004 and March 1, 2004 through October 31, 2007.

2. On January 15, 2008, Service of the Complaint was accomplished by plaintiffs' special process server serving the defendant's president and registered agent, Kay Harris, by handing the summons and Complaint to Kay Harris at 9304 S. 49th Ave., Oak Lawn, Illinois. Upon serving Ms.

Harris, the Funds' process server, Philip P. Ducar, completed the summons' return of service, a copy of which is attached hereto as, Exhibit A.  More than twenty days has lapsed since defendant was served with summons and Complaint.

    4.    As set forth in the affidavit of the Funds' Field Representative, Michael Christopher, the Funds' auditors from Crowe Chizek and Company LLC reviewed the Company's records reflecting contributions due to the Funds for the period of January 1, 2000 through February 29, 2004.  For that period, the audit report reflects that principal contributions are owed to the Welfare, Pension, Training, LDCLMCC, MCIAP and LECET Funds and for Union dues in the amount of $1,343.36.  This audit report is attached hereto as Exhibit B.

    4.    As set forth in the affidavit of the Funds' Field Representative, Michael Christopher, the Funds' auditors from Richard J. Wolf and Company, Inc. reviewed the Company's records reflecting contributions due to the Funds for the period of  March 1, 2004 through October 31, 2007.  The audit report reflects that principal contributions are owed to the Welfare, Pension, Training, LDCLMCC, MCIAP and LECET Funds and for Union dues in the amount of $36,085.23.  This audit report is attached hereto as Exhibit C.

    5.    According to the collective bargaining agreement and trust agreements, for amounts owed for the period January 1, 2000 through February 29, 2004,  liquidated damages are owed for unpaid contributions in the amount of ten percent of the unpaid contribution, and interest is similarly owed which accrues at the prime rate as charged by Chase Bank plus two percent. Michael Christopher's affidavit establishes that for the period of January 1, 2000 through February 29, 2004: liquidated damages are owed in the amount of $134.36, and interest is owed in the amount of $2,804.16 through February 15, 2008. (Michael Christopher's Affidavit is attached hereto as Exhibit

D).

6. Liquidated damages and interest are due as established by Mr. Christopher's affidavit. On June 1, 2007, pursuant to the respective Agreements and Declarations of Trust of the Laborers Funds to which Bill Harris Masonry, Inc. is bound, the percentage at which liquidated damages would be calculated was increased from 10% to 20% for everything owed with the exception of Union dues (dues are still calculated at 10%). Therefore, for the period of March 1, 2004 through October 31, 2007, liquidated damages calculated at 10% are owed in the amount of $204.63, and liquidated damages calculated at 20% are owed in the amount of $6,807.79. Also, for the period of March 1, 2004 through October 31, 2007, interest is due in the amount of $2,700.00 through February 28, 2008, and accumulated penalties are due in the amount of $125.28. (See Exhibit D).

7. According to the collective bargaining agreement and trust agreements, the Company is obligated to pay reasonable audit expenses should it fail to remit dues. In this case, according to Michael Christopher's affidavit, audit costs for the work performed by Crowe Chizek and Company LLC for the January 1, 2000 through February 29, 2004 audit were $2,750.00. The audit costs for the work performed by Richard J. Wolf and Company, Inc. for the March 1, 2004 through October 31, 2007 audit were $680.00.

6. Pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions. The parties' collective bargaining agreement requires that the employer pay all fees for which the Trustees become legally bound to pay "including damages, interest, audit costs, filing fees and any other expenses incurred." Reasonable attorneys' fees and costs are established by an affidavit of Karen

I. Engelhardt, plaintiffs' counsel, in the total amount of $1,093.75 in attorney's fees (See, Affidavit of Karen I. Engelhardt, attached hereto as Exhibit E). Costs are owed in the amount of $400.00, consisting of filing fees and service fees. (Exhibit E).

8. According to Michael Christopher's affidavit, defendant also has failed to pay current contributions as they become due by the 10th day of the month after the work has been performed. The Funds request this Court order the Company to submit remittance reports and payment as they become due, and for the period of December 2007 through the present. (Exhibit D).

9. The Agreement binds the Company to the Joint Agreement of the Construction and General Laborers' District Council of Chicago and Vicinity, which requires in Article IX, Paragraph 1 that "[a]ll Employers shall procure, carry and maintain a surety bond in form and amount satisfactory to the Union." To date, defendant Bill Harris Masonry, Inc. has not presented a surety bond to the Funds' office. (Exhibit D). Plaintiffs request that this Court order the defendant to obtain and maintain a surety bond in the amount of $5,000.00 to guarantee payment of wages and benefit contributions, and to, within 30 days of service of the order that such a bond be obtained, provide written proof of such to Plaintiffs' attorney Angie M. Cowan, 230 West Monroe Street, Suite 2600, Chicago, Illinois 60626.

9. The Agreement binds the Company to the Joint Agreement of the Construction

Wherefore, plaintiffs drafted a proposed judgment order for default and a total judgment against Bill Harris Masonry, Inc. in the amount of $55,128.56, and requiring the Company to obtain a surety bond.

                            Respectfully submitted,

                            /s/ Angie M. Cowan
                            One of plaintiffs' attorneys

Karen I. Engelhardt
N. Elizabeth Reynolds
Angie M. Cowan
Josiah A. Groff
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

February 21, 2008